**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Joshua James Thompson,

    Petitioner,

v.

Michael Fildes,

    Respondent.

Case No. 26-cv-1994 (LMP/DTS)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Joshua James Thompson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. No. 1 (Petition), and Application to Proceed *In Forma Pauperis*, Dkt. No. 2 (IFP Application). For the reasons below, the Court recommends denying the Petition, dismissing this action, and denying the IFP Application as moot.

## BACKGROUND

Thompson is confined at the Clay County Correctional Facility in Moorhead, Minnesota. *See* Pet. 1.[1] He is a pretrial detainee in an ongoing state prosecution, *State v. Thompson*, No. 14-cr-23-2031 (Minn. Dist. Ct.), charging him with one count of first-degree driving while impaired (in violation of Minn. Stat. § 169A.20, subd. 2(1)).[2] That matter is set for trial in May 2026.

---

[1] Citations to materials filed in this action use the page numbers assigned by the District's CM/ECF electronic-filing system.

[2] *See* Register of Action, *State v. Thompson,* No. 14-cr-23-2031 (Minn. Dist. Ct.). The Register of Action is not in this action's docket, but the Court can take judicial notice of public court records. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

On March 18, 2026, Thompson signed and placed in the prison mail system two § 2241 petitions raising substantially the same constitutional challenges based on a traffic stop involving Thompson on June 25, 2023, and Thompson's ongoing state prosecution. This District's Clerk of Court received both petitions on March 23, 2026, and docketed the first in *Thompson v. Clay County*, No. 26-cv-1993 (D. Minn.). On April 29, 2026, U.S. Magistrate Judge Shannon G. Elkins issued a Report and Recommendation recommending denial of that petition and dismissal of the action. *See* R. & R. 8, *Thompson v. Clay Cnty.*, No. 26-cv-1993 (D. Minn. Apr. 29, 2026) (April 2026 R&R).

The Petition raises four grounds for relief. Each is functionally identical to those in the 26-cv-1993 petition, though this Petition shifts focus to "Deputy Michael Fildes," the officer who stopped and arrested Thompson in June 2023. *Compare* Pet. 6–7 *with* Pet. 6–7, *Thompson v. Clay Cnty.*, No. 26-cv-1993 (D. Minn. Mar. 23, 2026). First, Thompson alleges that Fildes violated the Fourth Amendment by "unlawfuly stop[ping] and arrest[ing]" Thompson by "reco[g]niz[ing] [him] and assum[ing] [he] didn't have a driver license," without "run[ning] [his] name . . . to have probable cause." Pet. 6. Second, also under the Fourth Amendment, Thompson alleges that Fildes "[i]llegally searched and [s]eized" him and his vehicle "without the necessary reasonable and articulable suspicion to stop and detain" him. *Id.* Third, invoking the Fifth, Sixth, and Fourteenth Amendments, Thompson claims that Fildes "listened to [Thompson's] [a]ttorney phone call and used it against [Thompson]" in a "statement." *Id.* Fourth, he alleges that Fildes denied Thompson's Fifth Amendment "right to speak to an [a]ttorney in privat[e]." *Id.* at 7.[3]

---

[3] The Petition also alleges, in the section explaining why Thompson did not present grounds in available appeals, that "Fildes has destroyed evidence pertaining to" a "voice

For relief, Thompson asks that Fildes "pay for [Thompson's] hardships and be terminated from [d]uty so he cannot do this . . . to any one else." *Id.* Unlike the petition in No. 26-cv-1993, this Petition does not explicitly request Thompson's release from custody. *Compare id. with* Pet. 7, *Thompson v. Clay Cnty.*, No. 26-cv-1993 (D. Minn. Mar. 23, 2026).

## ANALYSIS

**I.     The Petition Duplicates the Petition in No. 26-cv-1993.**

A district court may dismiss a duplicative action—a second action involving substantially the same parties and arising from the same transaction or events as another action pending before, or recently decided by, the same court. *See, e.g.*, *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992). The doctrine "is motivated largely by economic concerns." *Nixon*, 259 F.3d at 954.

This Petition and the petition in No. 26-cv-1993 are filed by the same petitioner. Both arise from the same June 2023 traffic stop and concern the same ongoing state prosecution. Both assert the same four constitutional grounds: an unlawful stop and arrest under the Fourth Amendment; an unreasonable search and seizure under the Fourth Amendment; interception and use of an attorney-client phone call in violation of the Fifth, Sixth, and Fourteenth Amendments; and denial of the right to speak privately with counsel. Both also share the same procedural posture: Thompson is a pretrial detainee whose state criminal proceedings remain pending in Minnesota district court.

---

recording in prebooking" or has "withheld [it] from the courts." Pet. 7. This allegation does not appear in the petition in No. 26-cv-1993 and is addressed below.

The two petitions name different respondents—Clay County in No. 26-cv-1993, and Fildes here—but that difference does not make them distinct. The proper respondent in a § 2241 action is the petitioner's immediate custodian. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Regardless of Thompson's choice of respondents here, any habeas petition he filed about the relevant events should have named the same respondent—specifically, his immediate custodian.[4] The two petitions are therefore duplicative. The Court recommends denying this Petition as duplicative of the petition in No. 26-cv-1993.

## II.   The Grounds for Dismissal in No. 26-cv-1993 Also Apply Here.

Even if duplication alone did not justify denial, Judge Elkins's analysis in the April 2026 R&R applies equally to this Petition. The Court summarizes and adopts that analysis as an independent ground for recommending denial.

- *Monetary damages.* Habeas corpus addresses the legality of custody; it is not a vehicle for monetary recovery. Relief in the form of monetary damages from Fildes is therefore unavailable in habeas. *See* Apr. 2026 R&R 3.

- **Younger *abstention.* *Younger*** abstention bars federal interference with Thompson's ongoing state criminal prosecution, which is a paradigmatic case for abstention and satisfies each so-called *Middlesex* factor. No *Younger*-abstention exception applies, and nothing in the Petition suggests that Thompson's state trial court cannot adequately address his various constitutional claims through ordinary trial-court mechanisms and direct or collateral review. *See id.* at 3–6.

- *Failure to exhaust state-court remedies.* Thompson, a state pretrial detainee, must exhaust available state-court remedies (including appellate exhaustion, which generally requires entry of judgment in the state prosecution) before seeking § 2241 relief. He has not done

---

[4] The Court notes that the current Clay County Sheriff, whose responsibilities presumably include handling the Clay County Correctional Facility, appears to be Mark Empting.

4

so: his state criminal case remains pending at the trial level.[5] *See id.* at 6–7.

For each of these independent reasons, the Court would recommend denying the Petition even if it were not duplicative of Thompson's petition in No. 26-cv-1993.

### III.   Minor Differences from the Petition in No. 26-cv-1993 Do Not Change the Result.

Although most of the Petition repeats the claims and arguments in No. 26-cv-1993, it differs in certain minor respects. The Court addresses each briefly; none changes the analysis above.

First, as noted above, the Petition names Fildes as respondent, while the petition in No. 26-cv-1993 names Clay County. This difference does not affect the *Younger* or exhaustion analyses, which turn on the existence and forum of the underlying state criminal prosecution. Nor does it create a claim that the state court cannot address. Motion practice in Thompson's pending prosecution is the proper way to test the legality of any officer's stop, search, or use of evidence, whether the officer is identified by name or not.

Second, the Petition alleges that "Fildes has destroyed evidence pertaining to" a "voice recording in prebooking" or has "withheld [it] from the courts." Pet. 7. This allegation does not appear in the petition in No. 26-cv-1993 and warrants brief separate treatment.

On this Court's read, this allegation could serve two functions, though neither alters the conclusions above. On the one hand, it might be meant to explain Thompson's failure to exhaust. If so, it fails: it does not bring the Petition within any recognized exception to

---

[5] Thompson checks boxes on the Petition suggesting that he has presented the Petition's grounds "in all appeals that were available to [him]." Pet. 6–7. This representation is false, and is belied by his other responses in the Petition. *See, e.g., id.* 2–3 (indicating that Thompson has *not* filed earlier appeals).

the exhaustion requirement, nor does it revive any exception to *Younger* abstention. On the other hand, if Thompson raises this point as part of a freestanding due-process claim undermining his custody, the allegation is itself subject to *Younger* abstention and the exhaustion requirement. Evidence-suppression and evidence-destruction claims are routinely litigated in state criminal proceedings as pretrial motions and on direct or collateral review.

Third, the Petition asks that Fildes "pay for hardships and be terminated from duty." Monetary damages are unavailable in habeas, as already explained. The same principle also bars Thompson's demand for Fildes's ouster. Habeas corpus does not authorize a federal court to order a state law-enforcement officer's termination, nor does it authorize prospective injunctive relief to protect nonparties from future harm. Habeas is an attack on custody; the Petition could not obtain any other relief even if the merits were properly before this Court.

Finally (and relatedly), unlike the petition in No. 26-cv-1993, which expressly sought Thompson's release from custody, this Petition seeks no order directed at the legality or duration of his confinement. In this regard, to the extent the Petition is not duplicative of Thompson's other petition, it states no cognizable claim for § 2241 relief. This provides an additional, independent ground for dismissal here that did not apply to No. 26-cv-1993.

### SUMMARY

For the reasons discussed above, the Court recommends denying the Petition and dismissing this action. Given these determinations, the Court also recommends denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED:**

1.  Petitioner Joshua James Thompson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. No. 1 (Petition), be **DENIED**.

2.  This action be **DISMISSED**.

3.  Thompson's Application to Proceed *In Forma Pauperis*, Dkt. No. 2 (IFP Application), be **DENIED** as moot.

Dated: May 4, 2026                              s/ David T. Schultz
                                                DAVID T. SCHULTZ
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).